UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANJAY KUMAR,

      Plaintiff,

    v.

MELANIE MARINO,

      Defendant.

Case No.  2:25-cv-3593-JDP (P)

ORDER

Plaintiff, currently a state prisoner, alleges that, in October and November 2021, defendant Marino, a detective with the Sacramento County Sheriff's Department, conducted unlawful searches of his residence and place of business.  ECF No. 1 at 3, 6.  After reviewing the complaint, I find that the claims are not suitable to proceed.  I will dismiss the complaint with leave to amend so that plaintiff may explain why this action should proceed.  I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2.

**Screening Order**

**I.    Screening Standards**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

Plaintiff's claims appear barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the justices held that a person convicted of a crime cannot bring a section 1983 lawsuit if success therein would imply the invalidity of his conviction or

2

sentence. *Id.* at 483-87. Here, plaintiff alleges that defendant unlawfully searched his residence and place of business, seizing various items as evidence. ECF No. 1 at 3-7, 10. He claims that defendant then lied in order to convict him in a jury trial. *Id.* at 10. Accordingly, it appears that success in this case would call into question the validity of the relevant conviction, which he does not allege was ever overturned. *See Perez v. City of North Las Vegas*, 2:24-cv-0918-GMN-MDC, 2025 U.S. Dist. LEXIS 20509, *4 (D. Nev. Feb. 4, 2025) ("To the extent that plaintiff's state criminal proceedings has concluded, his Fourth Amendment claim for unlawful search and seizure is barred by the *Heck* Doctrine. Plaintiff alleges that the police officers neither had a warrant nor probable cause. However, if such a statement is true, granting relief may imply the invalidity of his conviction.").

Separately, it also appears that the claims may be time-barred, insofar as they arise from incidents occurring in October and November 2021. Section 1983 borrows the state statute of limitations and, in California, prisoners effectively have four years to bring their section 1983 claims. *See David Khan v. Daly City Police Dep't*, No. 22-cv-04064-WHO (PR), 2025 U.S. Dist. LEXIS 4714, *5 (N.D. Cal. Jan. 9, 2025). Here, plaintiff alleges that the offending searches and seizures occurred in October and November 2021. He did not file this action until December 12, 2025, however.

I will give plaintiff an opportunity to amend so that he may address these issues. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4.  The Clerk of Court shall send plaintiff a complaint form with this order.

5.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.


Dated:    February 25, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4