UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANJAY KUMAR, | Case No. 2:25-cv-3593-JDP (P) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| MELANIE MARINO, | |
| Defendant. | |

This section 1983 action proceeds on plaintiff's first amended complaint. ECF No. 13. Therein, plaintiff, a state prisoner, alleges that defendant Melanie Marino, a detective with the Sacramento County Sheriff's Department, violated his rights when she and other officers wrongfully searched his home and business and, ultimately, fabricated evidence that was used to convict him of a crime in state court. *Id.* at 4-9. As I previously explained, this claim is not cognizable insofar as success thereon would necessarily imply the invalidity of his conviction, which plaintiff does not allege has been overturned. I now recommend that this action be dismissed for failure to state a cognizable claim. In so doing, I will also deny plaintiff's motion to subpoena evidence and for sanctions. ECF No. 14.

1

## I.     Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Analysis

As I explained in my last screening order, a section 1983 claim cannot proceed if success thereon would imply the invalidity of a conviction or sentence that has not already been overturned.  *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994).  Here, plaintiff complains that defendant Marino's search of his property violated his rights, and that she fabricated evidence that

2

was used to "mislead and verbally prove" his guilt to a jury. ECF No. 13 at 9. Accordingly, success in this lawsuit would necessarily imply the invalidity of a conviction that plaintiff does not allege has been overturned. I have already afforded plaintiff a chance to amend and address this deficiency, and he appears unable to do so. I now recommend that this action be dismissed for failure to state a claim.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to subpoena evidence and for sanctions, ECF No. 14, is DENIED.

2. The Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that plaintiff's first amended complaint, ECF No. 13, be DISMISSED without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    July 1, 2026                          _____

                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE

3